UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROBERT CENSALE, BE4657,<br>　　　　　　Plaintiff,<br>　　v.<br>ANDRE E. JACKSON, Sergeant,<br>　　　　　　Defendant(s). | Case No. 17-cv-01363-CRB  (PR)<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>(ECF No. 19) |

On March 13, 2017, while plaintiff was detained at the San Mateo County Jail awaiting a state criminal trial in which plaintiff was representing himself, plaintiff filed the instant action for injunctive and monetary relief under 42 U.S.C. § 1983 alleging that the unsanitary condition of the holding cell he was assigned to use to make phone calls in connection with his criminal trial – cell is not cleaned regularly by the janitorial staff and smells of urine, feces, vomit, spit and piled-up garbage – creates a health hazard and imposes an undue hardship on his ability to represent himself in his criminal trial.

On June 28, 2017, the court (Westmore, M.J.) screened the complaint pursuant to 28 U.S.C. § 1915A and found that, liberally construed, "the allegations in the complaint appear to give rise to constitutional claims based on unsanitary conditions of confinement and lack of access to the courts against Sgt. Jackson because he allegedly knew about the constitutional violations and took no steps to remedy the situation." June 28, 2017 Order (ECF No. 6) at 3.  The court also ordered Sgt. Jackson served.

On August 28, 2017, after the action was reassigned to the undersigned, defendant Sgt. Jackson filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff failed to state a claim upon which relief can granted.  Defendant specifically argues that plaintiff did not suffer an actual injury in connection with the denial of court access claim, or

a punitive condition and deliberate indifference in connection with the unsanitary condition of confinement claim.  On September 20, 2017, plaintiff filed an opposition and, on September 25, 2017, defendant file a reply.

On October 23, 2017, plaintiff filed a notice of change of address indicating that he had been transferred to San Quentin State Prison after being convicted in state court.

Because plaintiff's recent conviction and transfer to state prison likely will moot his claims for injunctive relief, and because defendant's arguments against plaintiff's denial of court access and unsanitary condition claims are best evaluated in the context of a motion for summary judgment in which the court can review evidence (including evidence already in the record), the motion to dismiss (ECF No. 19) is DENIED without prejudice to serving and filing a motion for summary judgment under Federal Rule of Civil Procedure 56 (or a motion to dismiss and for summary judgment) within 56 days of this order.  Plaintiff must serve and file an opposition or statement of non-opposition to the motion not more than 28 days after the motion is served and filed, and defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

**IT IS SO ORDERED**.

Dated:  November 9, 2017

_____
CHARLES R. BREYER
United States District Judge